IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANTERA BANKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2729-N-BN |
| | § | |
| DESOTO INDEPENDENT SCHOOL DISTRICT, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO STRIKE AND GRANTING LEAVE TO FILE AMENDED COMPLAINT**

United States District Judge David C. Godbey has referred this case to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference [Dkt. No. 26].

After conducting a scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) on September 9, 2015, the Court entered an initial scheduling order setting, in pertinent part, October 30, 2015 as the deadline for the parties to move for leave to amend pleadings. *See* Dkt. No. 33, ¶ 2 ("The Court generally will grant a timely-filed motion to amend as a matter of course absent a showing of undue prejudice or futility. *See* FED. R. CIV. P. 15(a). No amendments will be allowed after this deadline except on a showing of good cause. *See* FED. R. CIV. P. 16(b)(4).").

On that date, the Court docketed an amended pleading submitted by Plaintiff Shantera Banks, who is currently proceeding *pro se*. Dkt. No. 38. The amended pleading consists of Plaintiff's first amended complaint [Dkt. No. 11] plus an

"amendment" [Dkt. No. 38-1] containing two additional paragraphs. Plaintiff failed to file an actual motion for leave to amend. And her failure to do so prompted Defendants' motion to strike [Dkt. No. 39], which is now before the Court.

For the reasons explained below, the Court DENIES the motion to strike, GRANTS Plaintiff leave to file a second amended complaint, and DIRECTS the Clerk of Court to docket the pleading filed at Dkt. No. 38 as Plaintiff's Second Amended Complaint.

### Legal Standards and Analysis

"[T]he grant of leave to amend the pleadings pursuant to [Federal Rule of Civil Procure 15(a)] is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). And Rule 15(a)(2) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). But granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).

In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing cases). And "a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208

(5th Cir. 2009)) (internal quotation marks omitted). But this Court's

> almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr.13, 2011); *see also Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) ("recogniz[ing]" that, in addition to futility, untimeliness is a "valid reason" that is substantial enough to deny leave to amend (citing *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991))).

Defendants move to strike the amended pleading solely because Plaintiff failed to request leave through a separate motion, as the Court's Initial Scheduling Order and the Federal Rules of Civil Procedure (as well as the Court's Local Civil Rules) require. *See* Dkt. No. 39 at 2. But courts generally have a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam); *see also Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) ("*pro se* pleadings must be liberally construed to prevent the loss of rights due to inartful expression" (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980))). And, as at least one court has observed, a *pro se* plaintiff's failure to comply with the technical requirements of rules regarding leave to amend "are not fatal to plaintiff's request for leave to amend, especially in light of plaintiff's status as a

self-represented litigant," and particularly if a "defendant does not contend that it would be prejudiced by plaintiff's noncompliance." *Price v. Waste Mgmt., Inc.*, Civ. A. No. ELH-13-02535, 2014 WL 1764722, at *13-*14 (D. Md. Apr. 30, 2014) (citation omitted).

Here, Defendants do not allege that they have been prejudiced by Plaintiff's failure to file an actual motion for leave. Therefore, their motion to strike is denied. And the Court finds, moreover, (1) that leave to amend should not be denied on the ground asserted by Defendants, (2) that Plaintiff's amended pleading [Dkt. No. 38] should be liberally construed as requesting leave pursuant to Rule 15, and (3) that leave to amend should be granted.

## Conclusion

The Court DENIES the motion to strike [Dkt. No. 39], GRANTS Plaintiff leave to file a second amended complaint, and DIRECTS the Clerk of Court to docket the pleading filed at Dkt. No. 38 as Plaintiff's Second Amended Complaint deemed filed as of November 19, 2015.

SO ORDERED.

DATED: November 19, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE